IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EMILY AKINNAGBE * | |
|     Petitioner | |
| v. * | CIVIL ACTION NO. DKC-07-2837 |
| IMMIGRATION CUSTOMS AND * | |
|  ENFORCEMENT, et al. | |
|     Respondents. * | |
| ***** | |

**MEMORANDUM**

This *pro se*, fee-paid Petition for habeas corpus relief was received for filing on October 19, 2007.[1] Petitioner, a resident of Silver Spring, Maryland, claims that she has been ordered to leave the United States on October 31, 2007. She seeks expedited relief under 28 U.S.C. § 2241 and requests that a stay of removal be granted and that the court order her removal proceedings re-opened based upon alleged Sixth Amendment ineffective assistance of counsel at the time of her Master Calendar immigration hearing.[2] Paper No. 1.

This Petition clearly raises an eleventh-hour challenge to the July 2006 decision of Immigration Judge John F. Gossart, Jr. to order Petitioner's removal to Venezuela.[3] Petitioner seemingly claims that immigration counsel did not: (1) call immediate family members when

---

[1] The habeas corpus fee is $5.00. Petitioner paid $350.00. The Clerk shall refund the $345.00 overpayment. Petitioner shall, however, be required to inform this court to whom the refund shall be paid.

[2] District Counsel for the Bureau of Immigration and Customs Enforcement confirms that Petitioner was subject to a final order of removal in July of 2006 and is out on an order of supervision. He additionally indicates that Petitioner filed a request for a stay of removal with her deportation officer which was denied on October 3, 2007, and she is to report to immigration authorities on October 31, 2007.

[3] The court observes that Petitioner's two sisters., Esther and Brenda Akinnagbe, filed a civil complaint seeking to stay Petitioner's removal. *See Akinnagbe v. Immigration and Customs Enforcement, et al.*, Civil Action No. DKC-07-2739 (D. Md.). That case, filed on October 11, 2007, was dismissed on October 17, 2007, on issues of standing and jurisdiction.

seeking a "waiver" of removal under Immigration and Naturalization Act ("INA") § 212(h); (2) properly seek a "waiver" under INA § 212(h); (3) file an asylum request on Petitioner's behalf prior to the final deportation hearing; (4) file timely notices of appeal with the Board of Immigration Appeals ("BIA"); and (5) thoroughly explain to Petitioner that she had waived her right to appeal Judge Gossart's decision when accepting of an order of supervision for one year, rather than a voluntary departure in 120 days.[4] Paper No. 1.

The court has read the Petition and accompanying attachments and finds it lacks subject-matter jurisdiction over Petitioner's challenges.[5] Under the Real ID Act of 2005 ("RIDA") the circuit courts are the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *See Hem v. Maurer,* 458 F.3d 1185, 1188 n. 3 (10th Cir. 2006); *Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Alvarez-Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006); *see also Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (9th Cir. 2006) (RIDA restores circuit court jurisdiction to review constitutional claims or questions of law).

---

[4] Petitioner also takes issue with counsel's filings with regard to Petitioner's attempts to adjust her status and her failure to file an appeal after at least one adjustment request (special juvenile immigrant petition) was denied. Paper No. 1.

[5] In any event, immigration proceedings are civil, rather than criminal, in nature. Therefore, the Sixth Amendment guarantee of effective counsel does not attach. *See Lu v. Ashcroft*, 259 F.3d 127, 131 (3rd Cir. 2001). Nonetheless, petitioners in deportation proceedings enjoy Fifth Amendment Due Process protections. In *Lozada v. INS*, 857 F.2d 10, 13-14 (1st Cir. 1988), the First Circuit Court of Appeals held that ineffective assistance of counsel could constitute a denial of due process if "the alien was prevented from reasonably presenting his case." *See also Hernandez v. Reno*, 238 F.3d 50, 55 (1st Cir. 2001) ("[W]here counsel does appear for the respondent, incompetence in some situations may make the proceeding fundamentally unfair and give rise to a Fifth Amendment due process objection."); *Castaneda-Suarez v. INS*, 993 F.2d 142, 144 (7th Cir. 1993) ("[C]ounsel at a deportation hearing may be so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the Fifth Amendment due process clause."); *Ramirez-Durazo v. INS*, 794 F.2d 491, 499-500 (9th Cir. 1986).

Accordingly, this 28 U.S.C. § 2241 Petition shall be dismissed without prejudice.[6]  A stay of removal shall not issue.[7]  A separate order follows.


Date:    October 29, 2007                                   /s/
                                           DEBORAH K. CHASANOW
                                           United States District Judge

---

[6] An alien may attempt to reopen her immigration proceedings based upon ineffective assistance of counsel, but must comply with the procedural requirements laid out in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988).  In *Lozada*, the BIA set out a three-step procedure for establishing "egregious" ineffective assistance that would justify reopening an immigration proceeding.  It indicated that "A motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts.... [T]hat affidavit should include a statement that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard. Furthermore, before allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."  *Lozada*, 19 I. & N. Dec. at 638.
   An alien seeking to reopen proceedings on an application for asylum and withholding of removal based upon a claim of ineffective assistance of counsel is required to show reasonable probability that she would have prevailed but for her attorney's error. *See Wenas v. U.S. Attorney General*, 201 Fed. Appx. 668, *1 (11th Cir. 2006).

[7] Petitioner's Motion for Emergency Stay of Deportation, filed on October 26, 2007, shall be denied.

3